

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2008

# Ye v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3161

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ye v. Atty Gen USA" (2008). *2008 Decisions*. Paper 903.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/903

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3161
_____

YI LANG YE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A78 408 327)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2008

BEFORE: BARRY, SMITH and HARDIMAN, Circuit Judges

Opinion filed: July 3, 2008
_____

OPINION
_____

PER CURIAM

Yi Lang Ye has filed a petition for review of an order of the Board of Immigration

Appeals ("BIA") denying her motion to reopen her removal proceedings.  For the reasons

that follow, we will deny the petition for review.

Ye is a native and citizen of the People's Republic of China, from Fujian Province. She entered the United States in September 2000 and was charged under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of any valid entry documents. Ye conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. Ye claimed that she and her mother had been victims of retaliation by their village chief as a consequence of their refusal to support him in a local election. On June 18, 2002, after a hearing, the Immigration Judge ("IJ") found Ye not credible, denied all forms of relief, and ordered her removal from the United States to China. On August 23, 2003, the BIA affirmed without opinion. More than three years later, on January 23, 2007, Ye filed a motion to reopen her removal proceedings based on her fear of persecution in China in light of her having married in 2004 and having two children born in the United States.[1] On June 21, 2007, the BIA denied the motion to reopen as untimely. This petition for review followed.

We have jurisdiction to review the BIA's denial of Ye's motion to reopen. See 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Thus, to succeed on her petition for review, Ye must show that the BIA's decision was somehow arbitrary, irrational, or

---

[1] Both children were born during the pendency of her removal proceedings, the second child having been born on April 2, 2003. Ye also sought reopening of her case so that she would be unhindered in her desire to testify in support of her husband's asylum proceedings.

contrary to law.  See id.

An alien must file a motion to reopen no later than ninety days after the date on which the final administrative decision was rendered  See 8 C.F.R. § 1003.2(c)(2).  There is an exception to this limitation when an applicant for asylum or withholding of removal demonstrates that his or her claim is based on changed circumstances in the country of removal, if supporting evidence is material and was not available and could not have been discovered or presented at the prior hearing.  See 8 C.F.R. § 1003.2(c)(3)(ii).

As stated earlier, Ye's motion to reopen was based on her fear of persecution in China in light of her two children born in the United States.  Ye stated that she sent her children to China for a visit with her mother, and during that visit, the local family planning authorities learned of Ye's violation of the family planning laws.  Ye submitted supporting materials, including an unauthenticated, unsigned notice to her mother from a village committee in China, dated November 6, 2006.  The notice stated that Ye is considered as the subject for sterilization for having violated the family planning laws, and it ordered her mother to urge Ye to return to China for sterilization.  Ye also submitted background evidence concerning enforcement of the family planning policy in Fujian Province, her own affidavit, and a letter from her mother stating that villagers had reported the existence of Ye's two children to the village committee.

Ye does not dispute that her motion to reopen was filed beyond the ninety-day filing period, so her motion was subject to the criteria of 8 C.F.R. § 1003.2(c)(3)(ii).  The

BIA found that Ye's motion to reopen was based solely on a change in personal circumstances, not on any changed conditions in China. Despite her characterization of her position, the record reflects that Ye has failed to identify any changed conditions in China. Indeed, Ye asserts in her brief that the evidence in support of her motion to reopen indicates that the family planning policy "continued to be enforced in China," Petitioner's Brief at 16, but she does not assert that China's policies have changed since her prior agency proceedings or that the level of enforcement has increased since then. Rather, Ye's evidence shows a change in personal circumstances that potentially alters the applicability of the family planning policy to her. In sum, we conclude that Ye did not sufficiently allege or establish changed country conditions in China to qualify for an exception to the ninety-day filing requirement. Thus, the BIA did not abuse its discretion in denying the motion to reopen.

We will deny the petition for review.